UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEES FOR IXIS REAL ESTATE CAPITAL TRUST 2006-HE3 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2006-HE3,<br>    Plaintiff,<br><br>v.<br><br>MASON P. WILSON, III, LISA M. WILSON, DUNKIN ENGINEERING SOLUTIONS, LLC, SABRINA PETRARCA, AND VNA CARE OF NEW ENGLAND, ALIAS,<br>    Defendants. | C.A. No. 19-092-JJM-LDA |

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., Chief United States District Judge.

In June 2006, Lisa M. Wilson and Mason P. Wilson, III ("the Wilsons") secured a mortgage for $150,000 for their home at 86 Helen Avenue, Coventry, Rhode Island. ECF No. 62 ¶ 1. About a year later, Deutsche Bank National Trust Company, as Trustee for IXIS Real Estate Capital Trust 2006-HE3 Mortgage Pass Through Certificates, Series 2006-HE3 ("Deutsche Bank") became the custodian and trustee of the mortgage. *Id.* ¶ 4. The language in the signed mortgage covenanted that the Wilsons "defend generally the title of the Property against all claims and demands" in the best interest of the mortgagee, Deutsche Bank. *Id.* ¶ 10. The agreement also

covenanted that the Wilsons "pay all taxes, assessments, charges, fines, and impositions attributable to the Property." *Id.* ¶ 11.

One year into the mortgage, the Wilsons began defaulting on their payments.[1] They also failed to pay the Hopkins Hill Fire District taxes. *Id.* ¶ 16. Both Deutsche Bank and the Wilsons were notified of a scheduled tax sale, but neither appeared to pay off the balance. Birdsong Associates ("Birdsong") purchased the Property at the September 2014 tax sale. *Id.* ¶ 17. Birdsong was a third-party purchaser in an arm's length transaction with no relation to any of the Wilson family members or Deutsche Bank. Following the purchase, Birdsong notified the Wilsons that it intended to initiate foreclosure proceedings. *Id.* ¶ 19. Deutsche Bank was also notified of the foreclosure. ECF No. 63 ¶ 20.

Deutsche Bank never redeemed the tax title. ECF No. 69 ¶ 16. Birdsong sought a Rhode Island Superior Court decree barring all rights of redemption following the tax sale deed, vesting all legal and equitable title of the Property in Birdsong. ECF No. 62 ¶ 21. The Rhode Island Superior Court granted this decree in January 2016. *Id.* ¶ 22; ECF No. 63 ¶ 34. Birdsong conveyed the Property to Coventry IV-14, RIGP ("Coventry IV-14") by a quitclaim deed. ECF No. 69 ¶ 21. At this point, Deutsche Bank tried to buy the Property from Coventry IV-14 for $20,000. ECF No. 62 ¶ 24; ECF No. 63 ¶ 39. Coventry IV-14 countered with $100,000, but negotiations broke down and Coventry IV-14 retained ownership. ECF No. 63 ¶ 39.

---

[1] Because they were not up to date on their homeowners' insurance policy premiums, Deutsche Bank made insurance payments on their behalf, adding to a deficit of more than $12,000 in the Wilson's escrow account. ECF No. 68 ¶ 13-14.

2

Coventry IV-14 also tried to foreclose on the Wilsons, but the proceedings were ultimately dismissed when Dunkin Engineering Solutions, LLC ("Dunkin")[2] agreed to purchase the Property for $75,000. ECF No. 62 ¶¶ 27, 29, 31-32. Mason P. Wilson Jr. and Norma J. Wilson, Defendant Mr. Wilson's father and stepmother, formed Dunkin for the purposes of buying the Property so that the Wilsons could continue to live there. *Id.* ¶¶ 34, 36. At its formation, the Wilsons had no legal interest in Dunkin. ECF No. 63 ¶ 53. The Bank inquired about purchasing the Property from Dunkin, but Dunkin rejected its inquiry. *Id.* ¶ 54.

Dunkin placed the Property in the Wilson Family Revocable Trust. ECF No. 62 ¶ 38. Months later, Mason P. Wilson, Jr. died. *Id.* ¶ 40. Nearly a year later, Defendant Mr. Wilson died. *Id.* ¶ 42. After Norma Wilson[3] died, the Wilson Family Revocable Trust distributed the Property to Defendant Lisa Wilson. *Id.* ¶¶ 44, 46. Ms. Wilson remains the sole owner and sole beneficiary of the Trust and the original Property at issue in this dispute.

Deutsche Bank filed this lawsuit, alleging both legal claims for breach of contract and equitable claims seeking to be made whole because of the Wilson's default. Now that discovery has concluded, Deutsche Bank filed a Motion for Summary Judgment against Lisa Wilson on Count One breach of contract. ECF No. 59. Ms. Wilson and Dunkin object to Deutsche Bank's motion and in turn filed their

---

[2] Coventry IV-14 required that the property be sold to a third party. ECF No. 69 ¶ 26.

[3] Upon the deaths of her husband and son, Norma Wilson updated the trust beneficiary to name Lisa Wilson.

3

own Motions for Summary Judgment seeking dismissal of all claims. ECF Nos. 61, 64.

**STANDARD OF REVIEW**

When ruling on a motion for summary judgment, the court must look to the record and view all the facts and inferences therefrom in the light most favorable to the nonmoving party. *Continental Cas. Co. v. Canadian Univ. Ins. Co.*, 924 F.2d 370, 373 (1st Cir. 1991). Once this is done, Rule 56(c) requires that summary judgment be granted if there is no issue as to any material fact and the moving party is entitled to judgment as a matter of law. A material fact is one affecting the lawsuit's outcome. *URI Cogeneration Partners, L.P. v. Bd. of Governors for Higher Educ.*, 915 F. Supp. 1267, 1279 (D.R.I. 1996).

The analysis required for cross-motions for summary judgment is the same. *Scottsdale Ins. Co. v. Torres*, 561 F.3d 74, 77 (1st Cir. 2009) ("The presence of cross-motions neither dilutes nor distorts this standard of review"). In evaluating cross-motions, the court must determine whether either party is entitled to judgment as a matter of law based on the undisputed facts. *Id.*

**DISCUSSION**

Deutsche Bank's claims fall into two categories, legal claims for breach of contract and equitable claims rooted in Deutsche Bank's loss of its mortgage interest in favor of Ms. Wilson's inheritance of the Property held in trust. The Court will address the legal claims first.

### A.      Counts One and Five for Breach of Contract

Deutsche Bank asserts that the Wilsons breached the mortgage contract through their nonpayment and default, causing the Bank $205,029 in damages. ECF No. 62 ¶ 50. Deutsche Bank admits that because of the Superior Court order, it lost its security interest in the Property. ECF No. 60 at 4. Without relying on any persuasive case law,[4] Deutsche Bank argues that Ms. Wilson effectively redeemed the Property when she inherited it from Dunkin after Norma Wilson's death. ECF No. 67 at 14. Because Ms. Wilson owns the Property now, Deutsche Bank argues she has breached the mortgage and is liable for its damages in the form of the mortgage terms.

To prove a breach of contract claim, a plaintiff must show that "(1) an agreement existed between the parties, (2) the defendant breached the agreement, and (3) the breach caused (4) damages to the plaintiff." *Barkan v. Dunkin' Donuts, Inc.*, 627 F.3d 34, 39 (1st Cir. 2010). There was undoubtedly an agreement between the parties here and the Wilsons do not dispute that they defaulted on the mortgage. However, once Birdsong purchased the Property at the tax sale and the Rhode Island Superior Court entered judgment in Birdsong's favor in January 2016, declaring that "all rights of redemption [were] forever foreclosed and barred," Birdsong owned the Property free and clear and neither the Wilsons nor Deutsche Bank could challenge that.

---

[4] In a footnote, Deutsche Bank suggests that the Court could certify the question to the Rhode Island Supreme Court of whether Rhode Island's tax title foreclosure statutes affect Ms. Wilson's obligations under the mortgage and whether covenants she made in the mortgage can be enforced through equitable or legal remedies. ECF No. 67 at n. 5. While the Rhode Island Supreme Court is the "ultimate arbiter" of unsettled questions of Rhode Island law, *see W. Reserve Life Assu. Co. of Ohio v. ADM Assoc.*, 737 F.3d 135, 136 (1st Cir. 2013), the Court finds that it is unnecessary to request such a certification.

In this claim, Deutsche Bank essentially asks the Court to set aside the tax sale, ignore the court judgment, and revive the mortgage. Rhode Island's tax title statutory framework requires a timely answer to a petition to foreclose all rights of redemption, which both parties failed to do. R.I. Gen. Laws § 44-9-29. And the only way a tax sale can be set aside is if a party was not properly notified. R.I. Gen. Laws § 44-9-11. Looking at the record, there is no dispute here that the Wilsons and Deutsche Bank were properly notified and failed to redeem the Property at the tax sale. Deutsche Bank concedes that it did not monitor unpaid fire district tax delinquencies, ECF No. 63 ¶ 19. Deutsche Bank was on notice two different times about the tax sale and the foreclosure proceedings in 2016 and failed to appear to either pay the fire district taxes or otherwise assert its interest. *Id.* ¶ 35. Deutsche Bank also acknowledged that the foreclosure proceedings "[flew] under [its] radar." ECF No. 68 ¶ 30.

The Court rejects Deutsche Bank's suggestion that the Wilsons effectively redeemed the Property when Lisa Wilson inherited it from the Trust. The tax sale and court judgment confirmed Birdsong's ownership and forever barred Deutsche Bank and the Wilson's right to redeem. *Medeiros v. Bankers Tr. Co.*, 38 A.3d 1112, 1119 (R.I. 2012) (party who defaulted in a tax lien case is precluded from intervening in any subsequent claim to the property). Birdsong then sold its legal and equitable title to Coventry IV-14 who then sold it to Dunkin, a company in which Defendants held no legal interest. ECF No. 63 ¶¶ 33-34.

Because Deutsche Bank failed to redeem the Property sold at the tax sale within the period provided by law, Birdsong's title became absolute and the mortgage

6

between the Wilsons and the Bank was extinguished and unenforceable. 11PT2 West's McKinney's Forms Real Property Practice § 5A:145; *First Nat. Bank of Downsville v. Atkin*, 183 Misc. 2d 425, 428–29 (N.Y. Sup. Ct. 2000), *aff'd*, 279 A.D.2d 779 (N.Y. App. Div. 2001) (foreclosure of a tax lien terminates a mortgage relationship). Therefore, Deutsche Bank's breach of contract claims fail and the Court GRANTS Dunkin's and Ms. Wilson's motions on Counts One and Five and DENIES Deutsche Bank's motion on Count One.

### B.   Count Two, Three, Four, and Six -- Equitable Claims

Alternatively, Deutsche Bank also seeks redemptive remedies through equitable claims. It seeks a declaratory judgment, creation of a constructive trust for the Property, an equitable lien, and damages for unjust enrichment because it paid the Property's taxes and insurance from 2014 until mid-2016. Dunkin and Ms. Wilson move for summary judgment on these claims.

There is an undercurrent to Deutsche Bank's claims that permeates its position that it is entitled to an equitable resolution. Deutsche Bank argues that an arbiter could reasonably infer that Norma and Mason P. Wilson Jr. always intended to give the Property to the Wilsons, forming Dunkin to skirt their multiple defaults. Looking at the record, there are no facts to support a reasonable inference that Norma Wilson devised a scheme to ensure that Ms. Wilson ended up with title to the Property. The only evidence Deutsche Bank points to is that, while Dunkin charged the Wilsons rent, they only paid for six months (amounting to $3,600) out of the forty-six months that Norma Wilson owned Dunkin. The fact that Ms. Wilson, who lived in the Property at the time of the tax default, is the title owner again after inheriting the

7

Property through a Trust because her husband, mother-in-law, and father-in-law passed away during a span of eighteen months, is unfortunate, but a totally random happenstance.

Deutsche Bank's final equitable claim sounds in unjust enrichment. To prevail on an unjust enrichment claim, the plaintiff must show: "(1) that he or she conferred a benefit upon the party from whom relief is sought; (2) that the recipient appreciated the benefit; and (3) that the recipient accepted the benefit under such circumstances that it would be inequitable for [the recipient] to retain the benefit without paying the value thereof." *Emond Plumbing & Heating, Inc. v. BankNewport*, 105 A.3d 85, 90 (R.I. 2014) (quoting *Dellagrotta v. Dellagrotta*, 873 A.2d 101, 113 (R.I. 2005)); *S. Cty. Post & Beam, Inc. v. McMahon*, 116 A.3d 204, 210–11 (R.I. 2015).

Deutsche Bank argues that Dunkin and Ms. Wilson should make restitution for insurance and taxes it paid on the Property from 2014 until July 2016 and should reimburse the Deutsche Bank for insurance proceeds it paid to Mason Wilson III in September 2016 for damage to the Property. During this period, however, Dunkin did not own the Property so did not obtain nor appreciate any benefit from Deutsche Bank's payments. As the subsequent purchaser of the Property at the time of the tax sale, it could be argued that it was Birdsong who benefitted from the Bank's payments, but the Deutsche Bank is not seeking any relief from the intervening purchaser. Deutsche Bank is not entitled to recover against Dunkin or Ms. Wilson for unjust enrichment.

Considering the Court's determination that Deutsche Bank's breach of contract claims fail as a matter of law, it warrants no equitable relief resulting from Ms. Wilson's inheritance of the Property. Dunkin was a legitimate purchaser of the Property from Coventry IV-14 and so did not owe Deutsche Bank any equitable duty. *Desnoyers v. Metropolitan Life Ins. Co.*, 272 A.2d 683, 690 (R.I. 1971). There is no constructive trust and title to the Property remains with Ms. Wilson as beneficiary of the Dunkin Trust. The Court GRANTS Defendants' Motion for Summary Judgment on Counts Two, Three, Four, and Six.

## CONCLUSION

The Court GRANTS Dunkin's and Ms. Wilson's Motions for Summary Judgment on all counts. ECF Nos. 61, 64. The Court DENIES Deutsche Bank's Motion for Summary Judgment on Count One. ECF No. 59.

IT IS SO ORDERED.

*/s/ John J. McConnell, Jr.*

John J. McConnell, Jr.
Chief Judge
United States District Court

July 26, 2021